# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IN RE CHARTER COMMUNICATIONS, INC. SECURITIES LITIGATION | MDL DOCKET NO. 1506 (CAS) ALL CASES |
| STONERIDGE INVESTMENT PARTNERS LLC, Individually and On Behalf of All Others Similarly Situated, | Consolidated Case No. 4:02-CV-1186 CAS |
| Plaintiff, | |
| v. | |
| CHARTER COMMUNICATIONS, INC., PAUL ALLEN, JERALD L. KENT, CARL E. VOGEL, KENT KALKWARF, DAVID G. BARFORD, PAUL E. MARTIN, DAVID L. McCALL, BILL SHREFFLER, CHRIS FENGER, JAMES H. SMITH, III, SCIENTIFIC-ATLANTA, INC., MOTOROLA, INC. and ARTHUR ANDERSEN, LLP, | |
| Defendants. | |

## JUDGMENT AND ORDER OF DISMISSAL WITH RESPECT TO CHARTER COMMUNICATIONS, INC. AND THE INDIVIDUAL DEFENDANTS

This matter came on for hearing on May 23, 2005, upon the application of the Class Action Plaintiff, defendant Charter Communications, Inc. and the Individual Defendants ("Settling Class Action Defendants") for approval of the Settlement set forth in the Stipulation of Settlement dated as of January 24, 2005 (the "Stipulation") and the Amendment to the Stipulation of Settlement As Between Defendant Charter Communications, Inc. and Plaintiff StoneRidge Investment Partners LLC dated as of May 18, 2005 (the "Amendment to the Stipulation"). Due and adequate notice having been given to the Settlement Class, and the Court having considered the Stipulation, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed Settlement, and having reviewed the entire record in the Class Action, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order of Dismissal (the "Judgment"), adopts all defined terms as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Class Action, the Class Action Plaintiff, the other Members of the Settlement Class, and the Class Action Defendants.

3. This Court has certified, for settlement purposes only, a Settlement Class of all persons (except Class Action Defendants, and their corporate affiliates; any officers or directors of Charter; or members of their immediate families, and their heirs, successors and assigns; and any entities controlled directly or indirectly by Paul G. Allen) who purchased or otherwise acquired Charter common stock during the period of November 8, 1999 through and including August 16, 2002.

4. The Court finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action, Proof of Claim and Release, and publication of the Summary Notice of Proposed Settlement (as provided for in the Order Preliminarily Approving Settlement and Approving the Form and Manner of Notice) constituted the best notice practicable under the circumstances to apprise all Settlement Class Members of the pendency of the Class Action, the terms of the proposed Settlement of the Class Action and their rights with respect to the foregoing, and afforded Settlement Class Members with an opportunity to present their objections, if any, to the Stipulation. The Court finds that the provision of notice to Settlement Class Members fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, federal law, due process, the United States Constitution, and any other applicable law.

5.  The Court finds that all Settlement Class Members have been adequately provided with an opportunity to remove themselves from the Settlement Class by executing and returning a "request for exclusion" in conformance with the terms of the Stipulation and its exhibits. The Court further finds that those persons identified in Exhibit 1 hereto have timely and validly requested exclusion from the Settlement Class. The Court further finds that the requests for exclusion filed by those persons identified in Exhibit 2 hereto are not valid because they have failed to include data reflecting their purchases of Charter Communications, Inc. common stock as required by Par. 61 of the Notice dated February 25, 2005.

6.  With respect to the Settlement Class, this Court finds and concludes that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Class Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Class Action Plaintiff are typical of the claims of the Settlement Class; (d) the Class Action Plaintiff and Class Action Plaintiff's Counsel have, at all times, fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Class Action.

7.  The Court approves the Settlement of the above-captioned action, as set forth in the Stipulation and the Amendment to the Stipulation, including the releases contained therein, the relative contributions of the Settling Class Action Defendants, and all other terms, as fair, just, reasonable, and adequate to all Members of the Settlement Class. The Court also approves the Underwriters Agreement as fair, just, reasonable, and adequate as to the signatories thereto. The Settling Class Action Parties are directed to perform in accordance with the terms set forth in the Stipulation.

8.  The Settlement Securities and the securities issued pursuant to the Underwriters Agreement are issued pursuant to section 3(a)(10) of the Securities Act and do not constitute "restricted securities."

9. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, the Class Action and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice as to the Class Action Plaintiff and the other Members of the Settlement Class, and as against the Released Class Action Parties (as defined below). The Settling Class Action Parties are to bear their own costs, except as otherwise provided in the Stipulation. By operation of the Judgment and under the terms of the Stipulation and the releases therein, this Judgment is intended to preclude, and shall preclude, the Class Action Plaintiff and all other Settlement Class Members who have not validly and timely requested exclusion from the Settlement Class from filing or pursuing any Released Claims under any federal, state or other law.

10. Upon the Effective Date, the Class Action Plaintiff shall release, relinquish and discharge, and each of the Settlement Class Members (other than those Settlement Class Members who validly and timely request exclusion from this Settlement Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto) shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Released Class Action Parties (which does not include defendants Motorola, Inc., or Scientific Atlanta, Inc.) from all Released Claims (including "Unknown Claims"), and from all claims (including "Unknown Claims"), arising out of, relating to, or in connection with the defense, or resolution of the Class Action or the Released Claims, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release.

(a) For purposes of the Judgment, "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below) demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether in contract, tort, equity or otherwise, whether or not concealed or hidden, asserted or that might have been asserted in this or any other forum or proceeding, including, without limitation, claims for negligence, gross negligence, indemnification, breach of duty of care and/or breach of duty of loyalty, fraud, misrepresentation, breach of fiduciary duty, negligent misrepresentation, unfair competition, insider trading, professional negligence, mismanagement, corporate waste, breach of contract, or violations of any state or federal statutes, rules or regulations, by or on behalf of the Class Action Plaintiff, the Settlement Class, or any Settlement Class Member against the Released Class Action Parties which are in any way based upon or related to (i) the purchase of, acquisition of, or investment in Charter common stock by any Settlement Class Member during the Settlement Class Period (whether on the

open market or otherwise), (ii) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act and/or to supervise Charter officers or employees which were or could have been alleged in the Class Action or the Shareholder Derivative Actions, (iii) the facts which were alleged in any papers filed in the Class Action or in the Shareholder Derivative Actions, and/or (iv) the administration of the Escrow Account, Settlement Fund, Net Settlement Fund or Plan of Allocation.

    (b) For purposes of this Judgment, Unknown Claims means any Released Claims which the Class Action Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Class Action Parties which, if known by his, her or it, might have affect his, her or its settlement with and release of the Released Class Action Parties, or might have affected his, her or its decision not to object to, or opt out of, this Settlement. With respect to any and all Released Claims, the Settling Class Action Parties stipulate and agree that, upon the Effective Date, the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

> The Class Action Plaintiff expressly waives and the Settlement Class Members shall be deemed to have waived, and upon the Effective Date and by operation of the Judgment shall have waived any and all provisions, rights and benefits conferred by any law of the United States or of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Class Action Plaintiff and the Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each of them hereby stipulate and agree that the Class Action Plaintiff does settle and release, and each Settlement Class Member shall be deemed to have, upon the Effective Date and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into

existence in the future, including, but not limited to, all
Released Claims that are in any way based on or related to
conduct which is negligent, intentional, with or without
malice, or a breach of any duty, law or rule, without regard
to the subsequent discovery or existence of such different
or additional facts. The Settling Class Action Parties
acknowledge that the foregoing waiver was bargained for
and a key element of the Settlement of which this release is
a part.

(c) For purposes of this Judgment, "Released Class Action Parties" shall mean each and every one of the following: the Settling Class Action Defendants and all entities owned, affiliated or controlled by them, all current and former Charter directors and officers and each of their respective agents, employees, consultants, insurers, attorneys, advisors, successors, heirs, assigns, executors, personal representatives, marital communities and immediate families. However, Released Class Action Parties does not include defendants Motorola, Inc., or Scientific Atlanta, Inc. Released Class Action Parties shall include Andersen to the extent the Court approves the Stipulation of Settlement with Andersen dated January 13, 2005 (the "Andersen Settlement"), and the Andersen Settlement becomes Final pursuant to its terms.

11. The Court permanently bars and enjoins (a) all Settlement Class Members who have not validly and timely requested exclusion from the Settlement Class (and their heirs, executors and administrators, predecessors, successors, affiliates, and assigns) from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits from, any other lawsuit, arbitration, or other proceeding or order in any jurisdiction that is based upon, arises out of or relates to any Released Claims, including, but not limited to, any claim that is based upon, arises out of or relates to the Class Action or the transactions and occurrences referred to in the Amended Complaint or Second Amended Complaint, and (b) all persons or entities from organizing any Settlement Class Members for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit that is based upon, arises out of, or relates to any Released Claims, including, but not limited to, any claim that is based upon, arises out of or relates to the Class Action or the transactions and occurrences referred to in the Amended Complaint or Second Amended Complaint.

12. Upon the Effective Date, each of the Settling Class Action Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Class Action Plaintiff, the

Settlement Class Members (other than those Settlement Class Members who validly and timely request exclusion from this Settlement Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto), Class Action Plaintiff's Counsel, and counsel for all other plaintiffs in the Class Action from any claims (including "Unknown Claims") arising out of, relating to, or in connection with the commencement, prosecution, assertion or resolution of the Class Action or the Released Claims. Claims for violation of the Stipulation (including any exhibits) are preserved.

13. Only those Settlement Class Members filing valid and timely Proofs of Claim and Release shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund. The Proof of Claim and Release to be executed by the Settlement Class Members shall further release all Released Claims against the Released Class Action Parties. All Settlement Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim and Release.

14. In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of any Released Claims, including, but not limited to, any claims that are based upon, arise out of or relate to the Class Action, and/or any claims that were alleged or could have been alleged in the Amended Complaint or Second Amended Complaint (a) by any Person against a Settling Class Action Defendant, and (b) by any Settling Class Action Defendant against any Person other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, any Person, including, without limitation Andersen and each and every Non-Settling Class Action Defendant (and all Persons purporting to act on his, its, or their behalf, and all Persons purporting to claim by or through him, it, or them, whether under a subrogation theory or otherwise), are hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Settling Class Action Defendants any such claim for contribution, and each and every Settling Class Action Defendant is hereby permanently enjoined from commencing, prosecuting, or asserting against any Person, including without limitation, Andersen or any Non-Settling Class Action Defendant, any such claim for contribution. In accordance with 15 U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against a Non-Settling Class Action Defendant shall be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility

- 7 -

of the Settling Class Action Defendants for the loss to the Settlement Class or a Settlement Class Member, or (b) the amount paid by or on behalf of the Settling Class Action Defendants to the Settlement Class in connection with the Settlement.

15. The Court finds that the Stipulation represents a good faith settlement of all Released Claims of all Settlement Class Members sufficient to discharge Settling Defendants and the Released Class Action Parties of all Released Claims of all Settlement Class Members. In order to effectuate such settlement, the Court hereby enters the following bar:

(a) Any and all Non-Settling Class Action Defendants and Andersen are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any Released Class Action Party (other than Andersen), however styled, whether legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, whether arising under state, federal, or common law, whether for indemnification or contribution or otherwise denominated, including, without limitation, any claim for breach of contract or misrepresentation, where the claim is based upon, arises out of, or relates to the Class Action or the Shareholder Derivative Actions (including any matters that were alleged or could have been alleged in the Class Action or Shareholder Derivative Actions) including, without limitation, any claim in which a Non-Settling Class Action Defendant or Andersen seeks to recover from any of the Released Class Action Parties (1) any amounts that a Non-Settling Class Action Defendant or Andersen has paid, become liable to pay, or may become liable to pay (whether in cash or any other form of consideration) in the Class Action, the Shareholder Derivative Actions or any action in which one or more Settlement Class Members who validly and timely excluded themselves from the Settlement Class seek a recovery on account of any matters that were alleged or that could have been alleged in the Class Action (the "Opt-out Actions"), and/or (2) any costs, expenses, or attorneys' fees that a Non-Settling Class Action Defendant or Andersen has incurred or may incur in defending against any claim in the Class Action, the Shareholder Derivative Actions or the Opt-out Actions. All such claims are hereby extinguished, discharged, satisfied and unenforceable (hereinafter "Barred Claims");

(b) Any and all Released Class Action Parties (other than Andersen) are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any Non-Settling Class Action Defendants or Andersen, however styled, whether legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, whether arising under state, federal, or common law, whether for indemnification or contribution or otherwise denominated, including, without limitation, any claim for breach of contract or misrepresentation, where such claim is based upon, arises out of, or relates to the Class Action or the Shareholder Derivative Actions (including any matters that were alleged or could have been alleged in the Class Action or the Shareholder Derivative Actions), including, without limitation, any claim in which a Released Class Action Party seeks to recover from any of the Non-Settling Class Action Defendants or Andersen (1) any amounts such

- 8 -

Released Class Action Party has paid, become liable to pay, or may become liable to pay (whether in cash or any other form of consideration) in the Class Action, the Shareholder Derivative Actions or the Opt-out actions, and/or (2) any costs, expenses, or attorneys' fees that the Released Class Action Parties have incurred or may incur in defending against any claim in the Class Action, the Shareholder Derivative Actions, or the Opt-out Actions. All such claims are hereby extinguished, discharged, satisfied and unenforceable hereinafter;

(c) Because the Non-Settling Class Action Defendants are barred from asserting any Barred Claims against the Settling Class Action Defendants, any judgments entered against the Non-Settling Class Action Defendants by the Settlement Class or any Settlement Class Members shall be reduced by an amount equal to the value as determined by the Court of such Barred Claims (provided, however, that to the extent such Barred Claims constitute claims for contribution within the meaning of 15 U.S.C. § 78u-4(f)(7)(A), the reduction provisions set forth in 15 U.S.C. § 78u-4(f)(7)(B) shall apply);

(d) If the Settlement Class or any Settlement Class Member brings a claim against any Person that is based upon, arises out of, or relates to the Class Action or any matters that were alleged or could have been alleged in the Class Action (the "Underlying Action"), and notwithstanding ¶ 14 and ¶ 15(a) above, that Person obtains a recovery against a Released Class Action Party that is based, in whole or in part, on (1) any amounts that such Person has become liable to pay or may become liable to pay in the Underlying Action, and/or (2) any costs, expenses or attorneys' fees that such Person has incurred or may incur in the Underlying Action (amounts (1) and (2) being collectively the "Reduction Amount"), the Settlement Class and the Settlement Class Members agree that they will reduce or credit any judgment or settlement with such Person (up to the amount of such judgment or settlement) by the Reduction Amount, which amount shall then also be credited to the Released Class Action Party.

(e) Provided, however, that nothing in this Judgment shall release, bar, enjoin, or otherwise restrain any claim between Charter and any former Charter employee regarding indemnification, advancement, and/or recoupment of fees, costs, and expenses.

16. Nothing in this Judgment shall preclude any action to enforce the terms of the Stipulation.

17. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Settling Class Action Defendants; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Class Action Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) shall be

- 9 -

offered in evidence by any person or entity for any purpose except as provided in this paragraph 16. Released Class Action Parties may file the Stipulation and/or the Judgment from this Class Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction in support of any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Class Action Parties, their respective counsel or any other Member of the Settlement Class may file the Stipulation in any proceeding brought to enforce any of its terms or provisions.

18. The Court finds that the Amended Complaint and Second Amended Complaint were filed as to the Settling Class Action Defendants on a good faith basis, that the Amended Complaint and Second Amended Complaint were filed in accordance with the Private Securities Litigation Reform Act of 1995 and Rule 11 of the Federal Rules of Civil Procedure based on all publicly available information. The Court finds that the Settling Class Action Parties and their counsel have complied with Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

19. The Plan of Allocation set forth in the Notice is hereby approved as fair, reasonable and equitable.

20. Class Action Plaintiffs' Counsel are hereby awarded __20__ % of the Settlement Fund in fees for services rendered in connection prosecution of this litigation, and $__67,734.64__ as reimbursement for expenses to be paid consistent with Par. 9.2 of the Stipulation.

21. Pursuant to Par. 27A(2)(b)(4) of the Private Securities Litigation Class Action Reform Act of 1995, Class Action Plaintiff is hereby granted a Compensatory Award of $__26,625.__ to be paid consistent with Par. 9.2 of the Stipulation.

22. The Court reserves exclusive and continuing jurisdiction over the Class Action, the Class Action Plaintiff, the Settlement Class and the Released Class Action Parties for the purposes of supervising the distribution of the Settlement Fund and any other matters.

DATED: June 30, 2005

THE HONORABLE CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE